CHASE–HACKLEY PIANO CO. v. GRIFFEN.   (No. 292.)

SAME v. WILKINS.   (No. 291.)

(Supreme Court, Appellate Term, First Department.   November 19, 1914.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS."

A foreign corporation, having no place of business, no office, and no stock of goods in the state, and which simply consigns pianos to merchants for sale, the contracts of sale subject to the approval of the corporation in another state, is not "doing business," within the meaning of the General Corporation Law (Consol. Laws, c. 23).

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

Appeals from Municipal Court, Borough of Manhattan, Ninth District.

Separate actions by the Chase-Hackley Piano Company against John H. Griffen and against Leroy Wilkins.   From judgments for defendants, dismissing the complaints, plaintiff appeals.   Reversed, and new trials ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Henry A. Heiser, of New York City, for appellant.

Edward A. Johnson, of New York City, for respondents.

PER CURIAM.   These appeals came up together, and No. 291 is to abide the determination of No. 292.   The action was brought by the plaintiff in replevin to recover a piano from the possession of the defendant.   The answer sets up a counterclaim for storage charges, and also alleges that the plaintiff is a foreign corporation doing business within this state without having filed a certificate, as required by section 15 of the General Corporation Law (Consol. Laws, c. 23), and, further, it has not paid the license fee as required by section 181 of the Tax Law (Consol. Laws, c. 60).   At the close of the plaintiff's case the complaint was dismissed, upon motion of defendant's attorney, upon the grounds set up in the last portion of the answer.   The plaintiff is engaged in the manufacture and sale of pianos, and its method of doing business in this state, as testified to by its New York manager, is as follows:

The plaintiff's home is in Michigan.   It consigns pianos to dealers maintaining stores of their own in this city.   These dealers sell pianos in their own names, under conditional sale agreements, and then assign such contracts to the plaintiff, who collects the installments through its agents here.   The plaintiff retains title until the entire purchase price is paid.   It appears that at times its attorney here executed a new contract for pianos that had been retaken for nonpayment of the installments.   Such contracts were taken in the name of the plaintiff.   The plaintiff has no office here, but all these contracts are sent to the home office for approval.   It carries no goods in stock and pays no taxes.   A

foreign corporation having no place of business, no office, and no stock of goods, and which simply consigns goods to merchants for sale, the contracts of sale subject to the approval of the corporation in another state, is not doing business within the meaning of the General Corporation Law. Judgments must be reversed.

Judgments reversed, and new trials ordered, with costs to the appellant in the Wilkins Case to abide the event.